IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JENNIFER A. BARNETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 13-CV-601-WDS |
| | ) |
| **CITY OF MT. VERNON, IL; MT.** | ) |
| **VERNON POLICE DEPARTMENT; and** | ) |
| **JEFFERSON COUNTY STATE'S** | ) |
| **ATTORNEY'S OFFICE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are pro se plaintiff Jennifer A. Barnett's motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and for service of process at government expense (Doc. 3). This is an employment-discrimination case. Plaintiff alleges that defendants discriminated against her based on her sex and disability in violation of Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C. § 12101 and/or the Rehabilitation Act, 29 U.S.C. § 701.

Regarding the motion for leave to proceed IFP, a federal court may authorize the commencement of a civil case without the prepayment of fees or security if the plaintiff submits an affidavit that includes a statement of all assets she possesses and showing that she is unable to pay the fees or give a security. 28 U.S.C. § 1915(a)(1). "The privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded

to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court must determine whether the plaintiff could pay the fees and still be able to provide herself and her dependents "'with the necessities of life.'" *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The court must dismiss the case, however, if it determines that the plaintiff's allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. § 1915(e)(2); *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

The Court first considers whether plaintiff is unable to pay the fees or security to commence this case. She is currently unemployed. She has received income in the past 12 months, including $129.00 per month "from VA for disability," which she will continue to receive; she received worker's compensation benefits in the amount of $2339.16 per month from June 1, 2012, until September 15, 2012, totaling $8,187.00; and on October 9, 2012, she received reimbursement of her police pension funds from the City of Mt. Vernon in the amount of $17,558.33.  She currently has approximately $4,000.00 in a checking or savings account. Additionally, plaintiff owns a 2009 Toyota Camry (but is still making payments on it), and a 2005 Suzuki GSXR600 motorcycle worth $4,500.00.  Plaintiff indicated that the balance owed on the motorcycle was transferred to one of her credit cards.  Her monthly expenses include rent ($495), car payment ($518.04), electricity ($106.30), credit cards ($122 minimum), internet ($39.99), totaling approximately $1,281.00.  Her total debts or other financial obligations including the remaining balance on her vehicle ($4,602.70), and credit card balances ($9,874.20), are approximately $14,477.  Plaintiff did not list any dependents for whom she provides support.

In sum, over the course of the last year, plaintiff has received approximately $27,293.00 in income. Furthermore, the fact that she has more than $4,000.00 in a checking or savings account suggests that she is able to pay the $400.00 filing fee for this action.

The cost of filing a civil case is $400.00. *See* 28 U.S.C. § 1914(a). Given plaintiff's assets and financial position, despite being unemployed at this time, the Court does **NOT FIND** that she is truly impoverished and would remain without legal remedy if she is not permitted to proceed IFP. Therefore, plaintiff's motion is **DENIED**. The Court need not consider the other parts of § 1915(e)(2), such as whether plaintiff fails to state a claim.

Plaintiff also moves for service of process at government expense. "[T]he court may order that service be made by United States marshal … or by a person specially appointed by the court. The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 … ." Fed. R. Civ. P. 4(c)(3) (emphasis added).

Since plaintiff has not been authorized to proceed IFP, the Court is not required to order service, and plaintiff's motion will be denied. Plaintiff can avoid the costs of formal service by requesting a waiver from defendants. *See* Fed. R. Civ. P. 4(d). The Clerk of Court is **DIRECTED** to send plaintiff Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons and Form 6 (Waiver of Service of Summons) with a copy of this order.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed IFP (Doc. 2), and service of process at government expense (Doc. 3) are **DENIED**. Plaintiff must pay the Court's filing fee **by August 19, 2013,** or risk dismissal of her case for failure to prosecute. *See* Fed. R. Civ. P. 41.4

Since she is proceeding pro se, plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and defendants informed of any change in her address. A

notice of change of address must be filed within seven days of any such change occurring. Failure to do so will cause a delay in the transmission of court documents and may result in dismissal of her case for failure to prosecute. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATE: July 10, 2013**

/s/  **WILLIAM D. STIEHL**
     **DISTRICT JUDGE**