IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-601-NJR-DGW |
| ) | |
| CITY OF MT. VERNON, and ) | |
| MT. VERNON POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel Compliance with Discovery filed by Defendant, City of Mt. Vernon, on October 28, 2014 (Doc. 42). For the reasons set forth below, the Motion is **GRANTED IN PART**.

Defendant asserts that Plaintiff has failed to respond to Defendant's written discovery requests and has failed to provide initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure. Accordingly, Defendant asks that the Court enter an order compelling Plaintiff to respond to its discovery requests by November 15, 2014, provide dates indicating her availability to sit for a deposition by December 15, comply with all additional discovery, and pay attorney's fees for the costs of this motion.

In support of its Motion, Defendant explains that it served its request for production of documents and interrogatories on Plaintiff on May 16, 2014 via mail and email. Despite multiple attempts to confer with Plaintiff regarding her delinquent responses, Plaintiff has not yet provided any responses to Defendant's discovery requests. Further, there is no indication that Defendant's requests were returned as undeliverable.

Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, a party has thirty (30) days to respond to written discovery requests. Accordingly, Plaintiff's responses were due on June 18, 2014. Defendant has attempted to confer with Plaintiff and has allowed great latitude with respect to her delay. At this time, Plaintiff's responses are severely overdue and, as such, Defendant's Motion to Compel (Doc. 42) is **GRANTED IN PART**. Plaintiff **SHALL** provide responses to Defendant's written discovery requests and mandatory initial disclosures by **November 10, 2014**. Defendant shall file a notice with the Court by November 12, 2014, indicating whether it has received acceptable responses and disclosures from Plaintiff. Further, Plaintiff is **ORDERED** to confer with Defendant and provide at least five dates for which she will be available for a deposition by **November 10, 2014**. Plaintiff is **ADVISED** that her failure to provide discovery responses by this date, and otherwise comply with this Order, will result in the recommendation of dismissal of her lawsuit. The Court further notes that it is not inclined to have Plaintiff pay attorney's fees in this instance. However, if Plaintiff continues to disregard discovery requests and Defendant is required to seek relief from the Court, Defendant may continue to seek reasonable attorney's fees.

The Court finds that Plaintiff's failure to timely respond to Defendant's discovery requests necessitates an amendment to the Scheduling Order. Accordingly, the following dates have been changed. If a deadline is not listed below, it has not been affected by this scheduling amendment.

1. Plaintiff's deposition shall be taken by **January 1, 2015**.
2. Defendant's deposition shall be taken by **February 1, 2015**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's last known address via certified mail, return receipt requested.

**IT IS SO ORDERED.**

**DATED: October 28, 2014**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**